DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Nevada State Bar No. 6875
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada  89501
(775) 784-5438
Fax: (775) 784-5181

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff,

　　v.

$45,120.00 IN UNITED STATES CURRENCY,

　　　　　　　Defendant.

**COMPLAINT FOR FORFEITURE IN REM**

　　　　The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Greg Addington, Assistant United States Attorney, in a civil cause for forfeiture, respectfully states as follows:

　　　　1.　　This court has jurisdiction under 19 U.S.C. §§ 1603 and 1610; Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; 21 U.S.C. § 881(a)(6); 18 U.S.C. § 983; and 28 U.S.C. §§ 1345 and 1355.

　　　　2.　　This court has venue of this matter pursuant to 28 U.S.C. § 1395 because the above-named defendant is now, and during the pendency of this action will be, in the jurisdiction of this court.

1

3. In rem jurisdiction over the defendant property will be obtained through issuance of an appropriate warrant of arrest in rem or supplemental process pursuant to Rule G(3), Supplemental Rules.

4. The defendant is more particularly described as follows: $45,120.00 IN UNITED STATES CURRENCY, which was seized on April 29, 2015, from the vehicle being driven by Randall Heath (hereinafter "Heath").

5. On or about April 29, 2015, the defendant property was seized on land at Washoe County, Nevada, by officers of the United States Drug Enforcement Administration (DEA). Following the seizure, the defendant property was deposited into an account where it has remained in the care, custody and control of the Office of the United States Marshals Service, Las Vegas, Nevada.

6. The defendant property was subject to administrative summary forfeiture proceedings; however, a joint claim was filed on or about July 10, 2015, by Randall Heath and Jennifer Jensen claiming entitlement to the defendant currency.

GENERAL ALLEGATIONS

7. April 29, 2015, at approximately 12:40 p.m. (Pacific Time), Heath was driving a black 2015 Chevy Tahoe, bearing California license plates, westbound on Interstate-80 in Washoe County, Nevada.

8. The Chevy Tahoe vehicle being driven by Heath on April 29, 2015, was owned by a rental car company. There were no other passengers in the vehicle.

9. The Chevy Tahoe vehicle being driven by Heath was stopped by an officer of the Washoe County Sheriff's Office (WCSO) in Washoe County, Nevada, due to observed traffic violations including excessive speed and failing to maintain a travel lane in violation of Nevada law.

10. After initiating a traffic stop of the Chevy Tahoe vehicle due to the observed traffic violations, the WCSO officer approached the Chevy Tahoe vehicle and requested identification from the driver. The driver produced a Utah driver's license which identified him as Heath.

11. Upon approaching the Chevy Tahoe vehicle and speaking to the driver, the WCSO officer detected a strong odor of marijuana coming from the interior of the vehicle. The WCSO officer also observed marijuana residue on Heath's shirt and marijuana residue on the center console of the vehicle. Responding to the WCSO officer's enquiry regarding the marijuana residue on Heath's shirt and the odor of marijuana in the vehicle, Heath stated that he had picked up a hitchhiker in Elko several hours earlier.

12. At the request of the WCSO officer, Heath produced the rental agreement for the Chevy Tahoe vehicle. The rental agreement showed that the vehicle had been rented by a third party in Murray, Utah, the previous day and that the rental period was one week.

13. Heath and the WCSO officer engaged in a consensual conversation. Responding to the WCSO officer's enquiry, Heath stated that he was traveling to Reno from Salt Lake City to meet people for business and that he was staying at "Binions" in Reno. Heath further stated that he usually stayed at "Binions" when he traveled to Reno and that he had last stayed at "Binions" in Reno several weeks earlier. Heath further stated that he did not have a hotel reservation for his stay in Reno. The WCSO officer was aware that, in fact, "Binions" is a hotel and casino in Las Vegas, Nevada, and there is no hotel business by the name of "Binions" in Reno. Heath further stated that he was a real estate agent and that he was considering the purchase of property near Modesto, California.

14. Responding to the WCSO officer's enquiry, Heath stated that he had approximately thirty thousand dollars in the Chevy Tahoe vehicle.

15. Heath voluntarily consented, orally and in writing, to a search of the Chevy Tahoe vehicle and any luggage, containers, phones, or other items within the vehicle.

16.  The consensual search of the Chevy Tahoe vehicle yielded the discovery of a red canvas bag in the rear of the vehicle. Marijuana residue was present on the outside of the red canvas bag. The red canvas bag contained two resealable plastic bags of a type typically used for food storage, each containing a quantity of United States currency bound with rubber bands.

17.  The consensual search of the Chevy Tahoe vehicle yielded the discovery of a suitcase which contained clothes and marijuana residue. The suitcase emanated a strong odor of raw marijuana.

18.  The consensual search of the Chevy Tahoe vehicle yielded the discovery of a cellular phone which contained text messages to and from Heath consistent with illegal drug trafficking.

19.  The consensual search of the Chevy Tahoe vehicle did not yield the discovery of any business records, business papers, materials related to real estate, business cards, or any other materials suggesting a real estate-related business enterprise.

20.  Based on the totality of circumstances, an officer of the DEA seized the U.S. currency located in the red canvas bag, as described in paragraph 16 above.

21.  Following the seizure of the U.S. currency located in the red canvas bag, Heath and the WCSO officer engaged in a consensual conversation. Heath informed the WCSO officer that the seized currency totaled forty-five thousand dollars and that he (Heath) had withdrawn the seized currency from his bank account over the course of several months. Heath stated that he was meeting a person named "Mark" in Reno later in the afternoon and provided a telephone number for "Mark." The WCSO officer called the number for "Mark" provided by Heath and spoke to a woman in Ohio who stated that she and "Mark" operate a recycling business in Ohio. The person who answered the call also stated that "Mark" was at that time working at a refuse disposal site in Ohio and further stated that she did not know Heath.

22.  Following the seizure of the U.S. currency located in the red canvas bag, Heath and a DEA officer engaged in a consensual conversation. Heath stated that he intended to stay at "Binions"

in Reno and always stayed at "Binions" when he traveled to Reno. Upon being informed that no hotel business named "Binions" existed in Reno, Heath stated that he had mis-spoken and that he intended to stay at the "Nugget" hotel and had stayed at the "Nugget" when he previously had traveled to Reno. Heath further stated that there would be no record of his earlier stay at the "Nugget" because the room had been obtained in another person's name – a female whose name Heath did not recall. Heath further stated that he intended to purchase properties in California during his current trip.

23. The defendant in this action is the U.S. currency found in the red canvas bag, as described in paragraph 16 above.

24. The U.S. currency located in the red canvas bag, as described in paragraph 16 above, was comprised of 101 $100 bills, 1,749 $20 bills, and 4 $10 bills.

25. The defendant property constitutes proceeds traceable to the exchange of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

26. The defendant property constitutes money furnished or intended to be furnished by a person in exchange for a controlled substance or listed chemical in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

27. The defendant property constitutes money used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

28. Because of the foregoing, the defendant property is subject to seizure and to forfeiture and has become and is forfeited to the United States of America, plaintiff, under 21 U.S.C. § 881(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America, plaintiff, prays as follows:

1. Due process issue to enforce the forfeiture of the defendant property;

2. Due notice be given to any interested party to appear and to show cause why the forfeiture should not be decreed;

3. The defendant property be condemned and be forfeited to the United States of America; and

4. This court enter other and further relief as it deems just and proper.

Dated this 10th day of September, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Greg Addington
GREG ADDINGTON
Assistant United States Attorney

VERIFICATION

I, Shane Murray, am a Special Agent of the Drug Enforcement Administration, United States Department of Justice, and am the agent assigned the responsibility of this case.

I have read the contents of the foregoing Complaint for Forfeiture in Rem, and the statements contained therein are true to the best of my knowledge, information and belief.

I declare and verify under penalty of perjury that the foregoing is true and correct.

DATED: September 10, 2015

_____
SHANE MURRAY, Special Agent
Drug Enforcement Administration